JUNE 13, 1803.

# John Dougherty *v.* Gyan Morrison.

*Upon a writ of error to reverse a judgment of the Bardstown District Court.*

No judgment can be rendered against a sheriff for failing to take sufficient bail until the bail has been adjudged insufficient by the court.

It is assigned as an error in this cause, that "a common order is taken against the defendant and sheriff jointly, and a judgment thereon, when by law no common order can be taken against the sheriff with the defendant."

This court, in the case of *Henderson* against *Morrison's Executors*, determined that a common order might be legally taken against a defendant and his appearance bail; that this practice had been universally adopted in Virginia for upward of fifty years, and uniformly followed in this state, and, therefore, would not depart from it. The same law and practice which authorizes that proceeding against appearance bail, justifies the like proceedings against a sheriff where, upon the service of a writ, he does not return bail and a copy of the bail bond, or the bail returned shall be adjudged insufficient by the court. Brad. col, 221, sec. 11, 12, 1 Wash. 161; 2 Wash. 183. So that this practice must be considered as being too firmly settled to be shaken. The other errors are considered to be immaterial or not to exist, except the last, which is, that the appearance bail hath not been adjudged insufficient by the court, and proceedings to a judgment have been had against the sheriff when, from law, they can only be had against the sheriff after the bail shall be judged insufficient." This error appears to the court to be well founded. The expressions of the law seem to be express that the bail shall be adjudged insufficient by the court, and that all questions concerning the sufficiency of bail objected to in the office shall be determined by the court at their next succeeding term; from which, it seems necessary that this should be done before the proceedings are had against a sheriff, or, at all events, before a judgment is finally rendered against him. No such decision having been given in this cause

the judgment must be reversed. Therefore, it is considered by the court that the judgment aforesaid be reversed and set aside; that the cause be remanded to the Nelson circuit court for new proceedings to be had by bringing the question, as to the sufficiency of the bail, before the court before any steps are taken against the sheriff, and that the plaintiff recover of the defendant his costs in this behalf expended, which is ordered to be certified to the circuit court of Nelson county.